# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TAUNA SANDERLING, as
Next Friend of K.S., a Minor,

              Plaintiff,

v.

OFFICER DANIEL BRIGGS and
CITY OF DETROIT,

              Defendants.

Case No.
Hon.

---

MOSS & COLELLA, P.C.
BY:   A. VINCE COLELLA (P49747)
       ELENA T. KAATZ (P85501)
Attorneys for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
248-945-0100/F: 248-945-1801
vcolella@mosscolella.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved civil
action arising out of the transaction or
occurrence alleged in this Complaint.

   /s/ A. Vince Colella
   A. Vince Colella (P49747)

1

NOW COMES Plaintiff, TAUNA SANDERLING, as Next Friend of K.S., a Minor, by and through her attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and for her Complaint states as follows:

## PRELIMINARY STATEMENT

1. This case arises out of the shooting of K.S., a sixteen-year-old, Black male, by a City of Detroit police officer, Defendant OFFICER DANIEL BRIGGS on January 17, 2025. Plaintiff K.S. was the victim of unlawful force while unarmed, having been shot multiple times to his dominant right forearm and left knee. Plaintiff TAUNA SANDERLING, as Next Friend of K.S., a Minor, brings this civil rights action for damages brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and the Fourth Amendment to the United States Constitution, and related state claim claims against:

   a. Defendant OFFICER DANIEL BRIGGS for his wrongful acts resulting in serious and potentially permanent injuries to Plaintiff K.S.; and

2

b. Defendant CITY OF DETROIT for its unconstitutional policies and procedures resulting in serious and potentially permanent injuries to Plaintiff K.S.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, TAUNA SANDERLING, as the Next Friend of K.S., a Minor, resides in the City of Detroit, County of Wayne, State of Michigan, within the geographical boundaries of the Eastern District of Michigan, Southern Division.

3. Minor Plaintiff, K.S., a Minor (hereinafter "K.S."), resides in the City of Detroit, County of Wayne, State of Michigan, within the geographical boundaries of the Eastern District of Michigan, Southern Division.

4. Defendant OFFICER DANIEL BRIGGS (hereinafter "BRIGGS") was at all times relevant to this Complaint a police officer of the Defendant CITY OF DETROIT Police Department acting under color of law. Upon information and belief, BRIGGS resides within the geographical

3

boundaries of the Eastern District of Michigan, Southern Division.

5. The location for the encounter between Plaintiff K.S. and Defendant BRIGGS that is the basis for this Complaint is in the City of Detroit, which city in turn is located entirely within the geographical boundaries of the Eastern District of Michigan, Southern Division.

6. Defendant, CITY OF DETROIT, is a municipal corporation organized under the laws of the State of Michigan, charged with operating the City of Detroit Police Department. At all material times, Defendant CITY OF DETROIT police officer was acting under color of state law. Defendant CITY OF DETROIT is located entirely within the geographical boundaries of the Eastern District of Michigan, Southern Division, and is also the location for the encounter between Plaintiff K.S. and Defendant BRIGGS which is the basis for this Complaint.

7. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

4

8. Venue is proper under 28 U.S.C. § 1391(b)(1) and/or (2).

9. The amount in controversy satisfies the jurisdictional limits of this Court as damages in this matter exceed seventy-five thousand dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## FACTUAL ALLEGATIONS

### A. The Incident

10.   Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

11.   On the evening of January 17, 2025, Plaintiff K.S. was present with his three friends (African American males) at a studio near Forrer Street and West 7 Mile Road in the City of Detroit to record a music video.

12.   At approximately 10:00 p.m., K.S. and his three friends left the studio and were walking along the sidewalk on 7 Mile Road in the City of Detroit.

5

13.   On or about the aforementioned date and time, Defendant BRIGGS and his partner Officer Zachary Biggs (hereinafter "Officer Biggs") were patrolling the area in a black unmarked vehicle, later identified as a City of Detroit Police vehicle.

14.   As Plaintiff K.S. and his friends were walking along the sidewalk, the vehicle completed a U-turn and officers initiated a "profile" investigation of the African American males on the sidewalk, allegedly to "investigate" for a curfew violation.

15.   At this time, Plaintiff K.S.'s friend, Terrence, walked back to the studio, leaving K.S. and two others on the sidewalk as Defendant BRIGGS approached.

16.   Plaintiff K.S. walked down an alley away from Defendant BRIGGS.

17.   As Defendant BRIGGS and Officer Biggs continued to follow Plaintiff K.S. into an alley, he began to move quickly

away from the officers. Defendant BRIGGS pursued K.S. down the alley.

18. Plaintiff K.S. did not threaten Defendant BRIGGS or any of the officers in the immediate vicinity with any weapon or object.

19. Plaintiff K.S. did not make any threatening gestures or statements toward Defendant BRIGGS or other officers.

20. Plaintiff K.S. did not pose an immediate threat of death or serious bodily injury to the Defendant BRIGGS, the other officers or to any other person.

21. As Plaintiff K.S. continued to move down the alleyway, with his back to officer Defendant BRIGGS, BRIGGS drew his service weapon and began unlawfully firing multiple rounds at K.S., striking him in the right forearm.

22. K.S. fell to the ground near a vehicle parked in the alleyway, when Defendant BRIGGS observed him defenseless, lying on the ground in pain from being shot in

the right forearm, and fired another round, striking K.S. in the left knee.

23.    According to official reports, Officer Biggs and the other police officers present at the scene did not observe the interaction between Plaintiff K.S. and Defendant BRIGGS prior to BRIGGS firing multiple rounds at K.S.

24.    At no time did Plaintiff K.S. brandish a firearm or direct a weapon at Defendant BRIGGS or any officer involved in this encounter before Defendant BRIGGS fired upon him.

25.    As a result of the willful and wanton, grossly negligent, reckless, and otherwise deliberately indifferent conduct of Defendant BRIGGS, Plaintiff K.S. suffered potentially permanent injuries including but not limited to, open fracture of the left lateral femoral condyle (knee), traumatic arthrotomy (joint penetration) of the left knee, open fracture of the ulnar shaft (forearm bone), complete ulnar nerve laceration, ulnar artery and vein transection (complete cut), dorsal, ulnar cutaneous nerve injury, small

8

finger flexor digitorum superficialis tendon complete rupture, and flexor carpi ulnaris tendon partial rupture (approximately 50%) and post traumatic syndrome disorder (PTSD), requiring multiple surgeries, medical management, orthopedic, care, rehabilitation and therapy.

26.    As a direct and proximate result of the willful and wanton, grossly negligent, reckless, and otherwise deliberate indifferent conduct of Defendant BRIGGS, Plaintiff K.S. suffered violations of his constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1986, and the Fourth Amendment to the United States Constitution to be free from excessive force and from gross, reckless, and otherwise deliberate indifference to his life, health, and well-being.

## B. Defendant City of Detroit's Policies, Practices and Customs.

27.    The unconstitutional use of deadly force against Plaintiff K.S. was the direct and proximate result of the City of Detroit's deliberate indifference to the constitutional rights

of its citizens through inadequate policies, training, supervision, and discipline regarding the use of force.

28.     Upon information and belief, the City of Detroit failed to adequately train its officers regarding the constitutional limitations on the use of deadly force, including specifically:

> a. When deadly force may constitutionally be used;
>
> b. The requirement that deadly force may only be used when the officer has probable cause to believe the suspect poses an immediate threat of death or serious bodily injury;
>
> c. The requirement to use de-escalation techniques and less lethal alternatives before resorting to deadly force;
>
> d. That fleeing from a minor offense does not justify the use of deadly force.

29.     Upon information and belief, the City of Detroit maintained policies, practices, and customs that encouraged or permitted officers to use deadly force in situations where such force was not justified, including by failing to discipline officers who used excessive force.

30.     Upon information and belief, the City of Detroit was aware that its training and policies regarding use of force

were inadequate and that this inadequacy created a risk of constitutional violations yet deliberately failed to take corrective action.

31.     Upon information and belief, the City of Detroit had notice of previous incidents in which Detroit Police officers used excessive force yet failed to take adequate corrective action to prevent future violations.

32.     The City's failure to properly train, supervise, and discipline its officers demonstrates deliberate indifference to the constitutional rights of persons with whom Detroit Police officers come into contact.

## COUNT I: DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT BRIGGS (FOURTH AMENDMENT - EXCESSIVE FORCE)

33.     Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

34.     The Fourth Amendment prohibits the use of excessive force in effectuating a seizure.

35.  Defendant BRIGGS use of deadly force against Plaintiff K.S. constituted a seizure within the meaning of the Fourth Amendment.

36.  The act of fleeing from or avoiding contact with police officers, in the absence of any threat of harm, does not justify the use of deadly force.

37.  No reasonable officer in Defendant BRIGGS's position would have believed that the use of deadly force against Plaintiff, K.S., was lawful or justified under the circumstances.

38.  Defendant BRIGGS's use of deadly force against Plaintiff, K.S. was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment.

39.  A reasonable officer in the position of Defendant BRIGGS at the time of this incident – i.e. prior to the use of excessive force against Plaintiff K.S. and prior to shooting him in the right forearm and left knee – would

have known, in light of existing law, that the unlawfulness of this action was apparent under the circumstances, would be a violation of clearly established law, and of K.S.'s constitutional rights against unlawful excessive and/or deadly force.

40.     As a direct and proximate result of the aforementioned conduct, Plaintiff K.S. suffered physical injury, terror, and fear as Defendant BRIGGS fired his weapon multiple times, striking him in the right forearm and left knee. K.S. also suffered emotional distress, psychological trauma, conscious pain and suffering, loss of society and companionship, and ultimately serious and permanent injuries as the result of the aforementioned conduct.

## COUNT II: *MONELL* LIABILITY AGAINST DEFENDANT CITY OF DETROIT (UNCONSTITUTIONAL POLICY OR PROCEDURE IN VIOLATION OF 42 U.S.C. § 1983)

41.     Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

13

42.    Defendant CITY OF DETROIT had an unconstitutional policy, practice, and/or custom of allowing officers to use excessive and/or deadly force against its citizens.

43.    The constitutional violations committed against Plaintiff, K.S. were the direct and proximate result of unconstitutional policies, practices, and customs of the City of Detroit, including:

   a. A policy, custom, or practice of using excessive force, including deadly force, in circumstances where such force is not justified;

   b. A policy, custom, or practice of failing to adequately train officers regarding the constitutional limitations on the use of deadly force;

   c. A policy, custom, or practice of failing to discipline officers who use excessive force, thereby ratifying and encouraging such conduct;

   d. A policy, custom, or practice of inadequate supervision of officers' use of force.

44.    Defendant CITY OF DETROIT's above listed policies, practices, and/or customs regarding the use of force against non-dangerous subjects was the moving force and proximate cause of Plaintiff K.S.'s injuries.

14

45.   As a direct and proximate result of the aforementioned conduct, Plaintiff K.S. suffered physical injury, terror, and fear as Defendant BRIGGS fired his weapon multiple times striking him in the right forearm and left knee. K.S. also suffered emotional distress, psychological trauma, conscious pain and suffering, loss of society and companionship, and ultimately serious and permanent injuries as the result of the aforementioned conduct.

## COUNT III: ASSAULT AND BATTERY AGAINST DEFENDANT OFFICER DANIEL BRIGGS (IN VIOLATION OF STATE LAW)

46.   Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

47.   The aforementioned actions and conduct of Defendant BRIGGS as incorporated herein, were willful, wanton, intentional and/or reckless.

48.   The aforementioned actions and conduct of Defendant BRIGGS as incorporated herein created a reasonable

apprehension of an immediate threat of harm and/or offensive touching to K.S.

49.    The aforementioned actions and conduct by Defendant BRIGGS as incorporated herein, did in fact constitute an offensive and harmful touching of Plaintiff K.S.

50.    Defendant BRIGGS knew or should have known that his aforementioned actions and/or conduct would cause injury to Plaintiff K.S. and furthermore, his conduct did in fact cause the aforementioned injury to Plaintiff.

51.    As a direct and proximate result of the aforementioned conduct, Plaintiff K.S. suffered physical injury, terror, and fear as Defendant BRIGGS fired his weapon multiple times striking him in the right forearm and left knee. K.S. also suffered emotional distress, psychological trauma, conscious pain and suffering, loss of society and companionship, and ultimately serious and permanent injuries as the result of the aforementioned conduct.

16

## COUNT IV: GROSS NEGLIGENCE AGAINST
## DEFENDANT OFFICER DANIEL BRIGGS
## (IN VIOLATION OF STATE LAW)

52.    Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

53.    At all material times, Defendant BRIGGS, as a City of Detroit police officer, owed a duty to all persons, including Plaintiff K.S., to avoid wanton, willful, or reckless misconduct; to avoid grossly negligent conduct; and to avoid conduct so reckless as to demonstrate a substantial lack of concern as to whether injury results.

54.    Notwithstanding the aforementioned duties, Defendant BRIGGS was grossly negligent, wanton, and/or willful in breaching the aforementioned duties in one or more of the following ways:

a. Discharging his firearm multiple times when he knew or should have known that he was not in imminent or immediate harm and that K.S. did not pose a physical

17

threat to his safety or that of other officers or civilians; and

b. Other breaches of duty identified during the course of discovery.

55. As a direct and proximate result of the aforementioned conduct, Plaintiff K.S. suffered physical injury, terror, and fear as Defendant BRIGGS fired his weapon multiple times striking him in the right forearm and left knee. K.S. also suffered emotional distress, psychological trauma, conscious pain and suffering, loss of society and companionship, and ultimately serious and permanent injuries as the result of the aforementioned conduct.

## COUNT V: CLAIM FOR REASONABLE COSTS, DISBURSEMENTS AND ATTORNEY FEES IN BRINGING ACTIONS UNDER 42 U.S.C. §§ 1983, 1985 AND 1986 PURSUANT TO 42 U.S.C. § 1988

56. Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

57.    Defendant CITY OF DETROIT and Defendant BRIGGS caused actual deprivation of Plaintiff K.S.'s civil rights under color of law in violation of the applicable sections cited herein.

58.    As a direct and proximate result of said actions, Plaintiff K.S. is forced to bring suit against Defendants CITY OF DETROIT and BRIGGS under the applicable statutes cited herein.

59.    Plaintiff K.S., therefore, is entitled under 42 U.S.C. § 1988 and other applicable sections to recover costs, disbursements, and attorney fees on the Claims for Relief.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff TAUNA SANDERLING, as Next Friend of K.S., a Minor, respectfully requests that this Honorable Court grant Plaintiff the following relief:

A. Award compensatory damages in excess of seventy-five thousand dollars ($75,000.00);

B. Award punitive and/or exemplary damages;

C. Award costs, interest, and attorney fees, including but not limited to those available pursuant to 42 U.S.C § 1988;

19

D. Grant such other and further relief consistent with law which this Honorable Court deems just and proper under the exercise of its discretion.

Respectfully submitted,

MOSS & COLELLA, P.C.

BY: /s/ A. Vince Colella
A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
(248)-945-0100
DATED: October 6, 2025    vcolella@mosscolella.com

20

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TAUNA SANDERLING, as
Next Friend of K.S., a Minor,

       Plaintiff,

v.

OFFICER DANIEL BRIGGS and
CITY OF DETROIT,

       Defendants.

Case No.

Hon.

---

MOSS & COLELLA, P.C.
BY:   A. VINCE COLELLA (P49747)
      ELENA T. KAATZ (P85501)
Attorneys for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
248-945-0100/F: 248-945-1801
vcolella@mosscolella.com

---

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, TAUNA SANDERLING, as Next Friend of

K.S., a Minor, by and through her attorneys, MOSS & COLELLA, P.C.,

by A. VINCE COLELLA, and respectfully requests jury trial in the above

captioned matter.

Respectfully submitted,

MOSS & COLELLA, P.C.

BY: /s/ A. Vince Colella
A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
(248)-945-0100
DATED: October 6, 2025        vcolella@mosscolella.com